UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
: 
BRENDAN O'BRIEN, : ____ CIV. ____
:
Plaintiff, : COMPLAINT
:
-against- :
: PLAINTIFF DEMANDS
HAWKINS DELAFIELD & WOOD, LLP, : TRIAL BY JURY
:
Defendant. :
------------------------------------------------------------- x

*JUDGE CROTTY*

*13 CV 8446*

*RECEIVED NOV 26 2013 U.S.D.C. S.D.N.Y. CASHIERS*

Plaintiff, Brendan O'Brien (hereinafter, "Mr. O'Brien" or "Plaintiff") by his attorneys, Liddle & Robinson, L.L.P, alleges as follows:

### THE PARTIES

1. Plaintiff, Brendan O'Brien, was employed by Defendant Hawkins Delafield & Wood, LLP from 1992 to December 31, 2010. Mr. O'Brien currently resides in Larchmont, New York.

2. The Defendant, Hawkins Delafield & Wood, LLP (hereinafter, "Defendant" or "Hawkins"), is a national law firm which maintains its principal place of business at One Chase Manhattan Plaza, New York, New York 10005-1401.

1

## THE NATURE OF THE ACTION

3.  This is a civil action for damages and remedies for (1) age discrimination in violation of (a) the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq. ("ADEA"); (b) the New York State Executive Law § 296 et seq. ("New York State Human Rights Law"); and (c) the Administrative Code of the City of New York § 8-101 et seq. ("New York City Human Rights Law"), and (2) retaliation against Mr. O'Brien for complaining of such discrimination in violation of (a) the ADEA; (b) the New York State Human Rights Law; and (c) the New York City Human Rights Law.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the laws of the United States.

5.  This Court has jurisdiction under 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over civil actions to recover damages or secure equitable or other relief under any federal law providing for the protection of civil rights.

6.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of claims arising under the laws of New York State and the City of New York.

7. Plaintiff has exhausted his administrative remedies before filing this lawsuit. Mr. O'Brien filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 28, 2010 and September 7, 2011. Mr. O'Brien received a notice of right to sue from the EEOC on September 3, 2013.

8. Venue herein is proper under 28 U.S.C. §1391(b) in the Southern District of New York, as Hawkins resides in this district and a substantial part of the events giving rise to the claims occurred therein.

## FACTS

9. Plaintiff is a 72-year-old male born on January 7, 1941.

10. Mr. O'Brien graduated from Fordham College in 1962 with a B.A., and earned his law degree from Columbia Law School in 1965, and began practicing in 1965.

11. Mr. O'Brien began working at Hawkins in 1992 and remained employed at the firm as an attorney until his employment was terminated effective December 31, 2010.

12. Throughout his employment at the firm, Mr. O'Brien was qualified for his position, and performed his responsibilities satisfactorily.

13. From 1992 to 2008, Mr. O'Brien held the title of non-equity "Partner" at Hawkins, which meant, according to his employment agreement, that he had "none of the rights, powers, or benefits provided partners by the Hawkins Partnership Agreement." As a non-equity Partner at Hawkins, O'Brien was not bound to the Hawkins Partnership Agreement.

14. From 2009 until the termination of his employment, Mr. O'Brien, under his employment contract, also held the title of "Colleague" and still remained a non-equity "Partner."

15. On January 8, 2010, the day after Plaintiff turned age 69, John McNally, a member of the Management Committee, told Mr. O'Brien that the firm had a mandatory retirement age of 70, and that Mr. O'Brien would therefore be required to retire at the end of 2011, the calendar year in which he would turn 70.

16. Mr. O'Brien was also told in early 2010 that his salary was being reduced from $180,000 in 2009 to $150,000 in 2010, and would subsequently be reduced further to $100,000 in 2011. This reflected that Hawkins intended to continue to employ Mr. O'Brien through the end of 2011, when it would require him to retire pursuant to the firm's mandatory retirement age.

17. Thereafter, on October 28, 2010, Mr. O'Brien filed a Charge of Discrimination with the EEOC alleging that his impending forced retirement pursuant to a mandatory retirement age constituted illegal age discrimination.

18. On information and belief, Hawkins was aware that Mr. O'Brien filed the Charge of Discrimination.

19. Slightly more than one month later, on December 6, 2010, Mr. O'Brien met with Mr. Van Dusen and Kam Wong, also a Partner at Hawkins.

20. In the meeting, Mr. Van Dusen and Ms. Wong informed Mr. O'Brien that his contract would not be renewed for the 2011 year, contrary to what he had been told previously, and that his employment would therefore be terminated a year earlier effective December 31, 2010. This decision, they claimed, was due to Mr. O'Brien's alleged failure to transition and transfer his client accounts to younger and more junior attorneys at the firm.

21. There had been no prior criticism expressed to Mr. O'Brien concerning his transitioning of his clients.

22. The December 6, 2010 meeting between Mr. Van Dusen and Mr. O'Brien was memorialized in an e-mail Mr. O'Brien sent Mr. Van Dusen on December 8, 2010. In the e-mail, Mr. O'Brien outlined how he complied with his obligation to transition clients.

23. Upon information and belief, Defendant terminated Mr. O'Brien's employment effective December 31, 2010 instead of December 31, 2011, a year earlier than expected, in retaliation for his complaining of age discrimination in the Charge filed with the EEOC.

24. Upon terminating Mr. O'Brien's employment, Hawkins reassigned Mr. O'Brien's clients to younger attorneys.

25. Throughout his employment at Hawkins, there were no performance reviews and Mr. O'Brien was never told his performance was inadequate.

26. The reason Hawkins gave Mr. O'Brien for the termination of his employment—that he failed to "transition" his client accounts to younger employees and thus in breach of his contract with the firm—was a pretext for age discrimination and retaliation for his complaining of discrimination.

27. Upon information and belief, Hawkins has a pattern and practice of discriminating against its employees via its mandatory retirement age and of retaliating against such employees who complain of age discrimination by, among other things, terminating their employment.

28. For example, upon information and belief, Samuel Hellman was discriminated against on account of his age.

## FIRST CLAIM
### *(Age Discrimination In Violation Of The ADEA)*

29. Mr. O'Brien repeats and realleges all of the allegations contained herein.

30. At all relevant times, Mr. O'Brien was an "employee" of Hawkins under the ADEA, 29 U.S.C. § 630(f), and was over 40 years of age.

31. On information and belief, Hawkins is an "employer" under the ADEA, 29 U.S.C. § 630(b).

32. By its actions detailed above, Hawkins unlawfully discriminated against Mr. O'Brien because of his age in violation of the ADEA.

33. On information and belief, Defendant's discriminatory conduct was willful. Mr. O'Brien is therefore entitled to liquidated damages pursuant to 29 U.S.C. § 626(b).

34. By reason of the foregoing, Hawkins is liable to Mr. O'Brien, in amounts to be determined at trial, for back pay, reinstatement or front pay, lost benefits, compensatory damages, liquidated damages, pre-judgment interest, attorneys' fees and costs.

## SECOND CLAIM
*(Retaliation Claim In Violation Of The ADEA)*

35. Mr. O'Brien repeats and realleges all of the allegations contained herein.

36. Defendant retaliated against Mr. O'Brien for having engaged in the protected activity described herein.

37. Defendant's actions constitute retaliation against Mr. O'Brien in violation of the ADEA.

38. On information and belief, Defendant's discriminatory conduct was willful. Mr. O'Brien is therefore entitled to liquidated damages pursuant to 29 U.S.C. § 626(b).

39. By reason of the foregoing, Hawkins is liable to Mr. O'Brien, in amounts to be determined at trial, for back pay, reinstatement or front pay, lost benefits, compensatory damages, liquidated damages, pre-judgment interest, attorneys' fees and costs.

## THIRD CLAIM
*(Age Discrimination In Violation Of The New York State Human Rights Law)*

40. Mr. O'Brien repeats and realleges all of the allegations contained herein.

41. At all relevant times, Mr. O'Brien was an "employee" for purposes for § 292 of the New York State Human Rights Law.

42. Defendant is an "employer" for purposes of § 296 of the New York State Human Rights Law.

43. By its actions detailed above, Hawkins has unlawfully discriminated against Mr. O'Brien on the basis of his age in violation of New York State Human Rights Law.

44. By reason of the foregoing, Hawkins is liable to Mr. O'Brien, in amounts to be determined at trial, for back pay, reinstatement or front pay, lost benefits, compensatory damages, pre-judgment interest, and costs.

**FOURTH CLAIM**
*(Retaliation In Violation Of The New York State Human Rights Law)*

45. Mr. O'Brien repeats and realleges all of the allegations contained herein.

46. At all relevant times, Mr. O'Brien was an "employee" for purposes for § 292 of the New York State Human Rights Law.

47. Defendant is an "employer" for purposes of § 296 of the New York State Human Rights Law.

48.     Defendant retaliated against Mr. O'Brien for having engaged in the protected activity described herein.

49.     Defendant's actions constitute retaliation against Mr. O'Brien in violation of the New York State Human Rights Law, § 296.

50.     By reason of the foregoing, Hawkins is liable to Mr. O'Brien, in amounts to be determined at trial, for back pay, reinstatement or front pay, lost benefits, compensatory damages, pre-judgment interest, and costs.

## FIFTH CLAIM
*(Age Discrimination In Violation Of The New York City Human Rights Law)*

51.     Mr. O'Brien repeats and realleges all of the allegations contained herein.

52.     Mr. O'Brien is a "person" under § 8-102(1) of the New York City Human Rights Law.

53.     Defendant is an "employer" for purposes of the New York City Human Rights Law under New York City Administrative Code § 8-102(5).

54. By its actions detailed above, Defendant has unlawfully discriminated against Mr. O'Brien because of his age in violation of the New York City Human Rights Law, § 8-107(1)(a).

55. By reason of the foregoing, Hawkins is liable to Mr. O'Brien, in amounts to be determined at trial, for back pay, reinstatement or front pay, lost benefits, compensatory damages, pre-judgment interest, attorneys' fees and costs.

56. Upon information and belief, Defendant's retaliatory actions against Mr. O'Brien were taken with reckless indifference to Mr. O'Brien's rights, entitling him to punitive damages under the New York City Human Rights Law.

### SIXTH CLAIM
*(Retaliation In Violation Of The New York City Human Rights Law)*

57. Mr. O'Brien repeats and realleges all of the allegations contained herein.

58. Mr. O'Brien is a "person" under § 8-102(1) of the New York City Human Rights Law.

59. Defendant is an "employer" for purposes of the New York City Human Rights Law under New York City Administrative Code § 8-102(5).

60. Defendant retaliated against Mr. O'Brien for having engaged in the protected activity described herein.

61. Defendant's actions constitute retaliation against Plaintiff in violation of the New York City Human Rights Law, § 8-107(7).

62. By reason of the foregoing, Hawkins is liable to Mr. O'Brien, in amounts to be determined at trial, for back pay, reinstatement or front pay, lost benefits, compensatory damages, pre-judgment interest, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a jury on all claims stated herein and reserves the right to seek additional damages as available. Plaintiff demands judgment against Hawkins as follows:

A. On the First Claim, against Hawkins for back pay and benefits, front pay and benefits or reinstatement, compensatory damages, and liquidated damages, in amounts to be determined at trial, and attorneys' fees, costs and prejudgment and post-judgment interest;

B. On the Second Claim, against Hawkins for back pay and benefits, front pay and benefits or reinstatement, compensatory damages, and liquidated damages, in amounts to be determined at trial, attorneys' fees, costs, and prejudgment and post-judgment interest;

C. On the Third Claim, against Hawkins for back pay and benefits, front pay and benefits or reinstatement and compensatory damages, in amounts to be determined at trial, and costs, prejudgment and post-judgment interest;

D. On the Fourth Claim, against Hawkins for back pay and benefits, front pay and benefits or reinstatement, and compensatory damages, in amounts to be determined at trial, and costs, prejudgment and post-judgment interest;

E. On the Fifth Claim, against Hawkins for back pay and benefits, front pay and benefits or reinstatement, compensatory damages, and punitive damages in amounts to be determined at trial, and attorneys' fees, costs, and prejudgment and post-judgment interest;

F. On the Sixth Claim, against Hawkins for back pay and benefits, front pay and benefits or reinstatement, compensatory damages, and punitive

damages, in amounts to be determined at trial, and attorneys' fees, costs, and prejudgment and post-judgment interest; and

G.  Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
November 26, 2013

LIDDLE & ROBINSON, L.L.P.

By: _____
Michael E. Grenert, Esq.
Judd R. Rothstein, Esq.
800 Third Avenue
New York, New York 10022
Tel: (212) 687-8500
Fax: (212) 687-1505
mgrenert@liddlerobinson.com
jrothstein@liddlerobinson.com

*Attorneys for Plaintiff*